UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| LYNELL WILLIS JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:21-CV-209-CHB |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| TODD CLADWELL, DR. OF ) | **AND ORDER** |
| SURGICAL SPECIALISTS, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Lynell Willis Jr. filed a *pro se* complaint [R. 1] and an application to proceed without prepayment of fees [R. 4].

Upon consideration, **IT IS ORDERED** that the application **[R. 4]** is **GRANTED**.

\*\*\*

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." For the following reasons, the Court finds that it lacks subject matter jurisdiction and will dismiss this action by separate Order.

I.

Willis filed his complaint on a form [R. 1], naming Todd Cladwell, "Dr. of Surgical Specialists," as the defendant. In the section of the form explaining the types of federal court jurisdiction, Willis circles 28 U.S.C. § 1331 (the federal question jurisdiction statute) and, in the margin of the form, writes, "Deals w/law enforcemt on [illegible]." He also points to 28 U.S.C. § 1332 (the diversity jurisdiction statute) and, at the bottom of the page, writes, "No defendant

may sue a citizen of the same state if the defendant is involved in another case w/ the defendant, plantiff on the same case untill that case is settled, dismissed, or expung."

Where the form directs the plaintiff to checkmark the basis for federal court jurisdiction, Willis checks the box for diversity of citizenship, indicates that both he and Defendant are citizens of Kentucky, and specifies an amount in controversy of $125,000 "[d]ue to scaring, medical insurance evasion, [and] self humiliation." Willis additionally fills in the section of the form asking for the basis of federal question jurisdiction, indicating "Medical Malpractice, Dishonorment of medical insurance provided, Evading truth of Medical information given."

In the Statement of Claim section of the complaint form, Willis alleges the following:

> In 2016 or 2017 I provided the office of Dr. Todd (Chad) Cladwell with two forms of insurance Medicare [and] Medicaid. I received two bills 760.00 for his performance [and] 160 dollars for the mole autospy. In the billing my insurance was never shown. His work left scar tissue damage on my back, he used dental novacaine and a needle to remove the moles. I thought he would numb the moles and scapel them off. I had them removed due to irregular breathing/heaviness[.]

Willis attached to the complaint form an additional sheet of paper indicating that "Mr. Cladwell also decided to preform a removal of skin (2 to 3) moles without a referal from my primary care doctor, dermatologists, or any other care provider." He continues that "[s]ince filing the suit Mr. Cladwell is spitting the formulation of malpractice medicines, tools, anthesia on me, making it disburse in my home or unto me."

In the Relief section of the complaint form, Plaintiff states,

> I would like the courts to review coverage and useage that I provided his employment, to look at the scaring/plumps on my back, to investagate his assistant on useage of the novicane, to investagate Mr. Cladwell for medical malpractice, and evasion of truth in my medical file (polygraph__ breathing which medicare does cover. I'm now spitting up back tissue. Mr. Cladwell doesnt look as he did in 2016.

## II.

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas*, 150 F.3d at 606. "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes"— diversity and federal question jurisdiction. *Douglas*, 150 F.3d at 607 (citing 28 U.S.C. §§ 1331, 1332).

### A. Diversity Jurisdiction

The diversity jurisdiction statute, in pertinent part, provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." *See* 28 U.S.C. § 1332(a). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, Willis indicates that both he and Defendant are citizens of Kentucky. Accordingly, Willis fails to meet his burden of invoking this Court's diversity jurisdiction.

### B. Federal Question Jurisdiction

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Willis additionally fills out the section of the form asking for the basis of federal question jurisdiction, he does not identify any cause of action "arising under the Constitution, laws, or treaties of the United States." Therefore, Willis also fails to sufficiently invoke this Court's federal question jurisdiction.

For these reasons, the Court will dismiss this action by separate Order.

This the 3rd day of June, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
    Defendant
A958.005